UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Emmanuel College Data Security Incident | Case No. 1:24-CV-10314-AK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Angel Kelley |

WHEREAS, Plaintiffs Elizabeth Parchinskya, Grace Viviano, Brian Hamdan, Sopiya Shrestha, Casey Whalen, and Luke Millspaugh ("Plaintiffs" or "Representative Plaintiffs"), individually and on behalf of all others similarly situated (the "Settlement Class"), and Defendant The Trustees of Emmanuel College ("Emmanuel College" or "Defendant", together with Plaintiff, the "Settling Parties") have entered into a Class Action Settlement Agreement and Release (the "Class Settlement Agreement" or "S.A.") resolving the Litigation,[1] subject to Court approval;

WHEREAS, Plaintiffs allege that, between April 21 to April 27, 2023, Emmanuel College experienced a targeted cyberattack that resulted in an unauthorized third-party threat actor gaining access to Emmanuel College's computer systems and data, which resulted in the potential compromise of personal identifiable information ("PII") belonging to as many as 89,065 individuals ("Data Breach"). On or about January 31, 2024, Emmanuel College sent notification letters to the current and former students to inform them that their PII may have been compromised in the Data Breach.

WHEREAS, the instant action was filed on February 8, 2024, and subsequently amended on May 13, 2024. Plaintiffs' current operative complaint pleads causes of action for: (1) Negligence; (2) Negligence Per Se; (3) Breach of Implied Contract; (4) Unjust Enrichment; (5)

---

[1] The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Class Settlement Agreement, except as may otherwise be indicated.

1

Invasion of Privacy; (6) Breach of Implied Covenant of Good Faith and Fair Dealing; (7) Breach of Confidence;

WHEREAS, this Litigation was settled, after a mediation presided over by a well-regarded third-party neutral, and as a result of arm's-length negotiations between counsel well experienced in class action litigation, investigation, and informal discovery sufficient to permit counsel to act knowingly;

WHEREAS, Plaintiffs have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement, together with all exhibits thereto;

WHEREAS, Emmanuel College denies any and all alleged wrongdoing and denies any liability to Plaintiff, to members of the putative class, or to members of the Settlement Class; and

WHEREAS, the Court having considered the Settlement, together with all exhibits thereto, the records in this case, and the arguments of counsel and for good cause appearing, hereby orders as follows:

**I.     CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement is GRANTED.

1. The terms defined in the Class Settlement Agreement shall have the same meaning in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order").

2. Having made the findings set forth below, the Court conditionally certifies the following class for settlement purposes only under Federal Rules of Civil Procedure 23:

> **All residents of the United States who were notified by Emmanuel College that their PII was or may have been affected in the Data Security Incident who have not opted-out of the Settlement.**

The Settlement Class is estimated to contain as many as 89,065 members. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, Class Counsel, and members of their families; (2) Emmanuel College and its subsidiaries, parent companies, successors, predecessors, and any entity in which Emmanuel College or its parents, have a controlling interest,

and its current or former officers and directors; (3) Persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded Persons.

3. "Data Security Incident" refers to the unauthorized access to and acquisition of files containing Personally Identifying Information between approximately April 21 to April 27, 2023, that is the subject of the Action.

4. "PII" means "information that may have been exposed, compromised, or accessed during the Data Security Incident, including, but not limited to, names, dates of birth, and Social Security numbers ("SSNs").

5. For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Rule 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Settlement Class Counsel will fairly and adequately represent the interests of each Settlement Class Member; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

6. The Court hereby appoints Elizabeth Parchinskya, Grace Viviano, Brian Hamdan, Sopiya Shrestha, Casey Whalen, and Luke Millspaugh as Representative Plaintiffs for the Settlement Class.

7. The Court hereby appoints David Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, Kevin Laukaitis of Laukaitis Law LLC, Daniel Srourian of Srourian Law Firm, P.C., Nickolas Hagman of Cafferty Clobes Meriwether & Sprengel LLP, and Carl Malmstrom of Wolf Haldenstein Adler Freeman & Herz LLC as Settlement Class Counsel.

## II.   PRELIMINARY APPROVAL

8. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate terms of settlement, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below.

9. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length, good faith negotiations facilitated by a neutral mediator and conducted by experienced and knowledgeable counsel, the current posture of the Litigation, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

10. As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any of the Settling Parties' positions on the issue of class certification or any other issue in the case.

11. Pursuant to Section 1.18 and 4.8 of the Settlement Agreement, the Cy Pres Designee shall be CyberTrust Massachusetts, a 501(c)(3) not for profit organization that provides cybersecurity-related workforce development, cyber resiliency training and cybersecurity resources, and educational opportunities to students in connection with not-for-profits, small businesses, and higher education partners (not including Defendant) across Massachusetts.

## III.   NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

12. The Court appoints Simpluris as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Class Settlement Agreement.

13. The Court has considered the notice provisions of the Settlement, the Notice Program set forth in the Class Settlement Agreement, and the Short Notice, Email Notice, and Long Notice, attached as **Exhibits B-1, B-2, and C** to the Class Settlement Agreement, respectively. The Court finds that the direct mailing of notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Preliminary Approval Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Short Notice, Email Notice, and Long Notice in the forms attached as **Exhibits B-1, B-2, and C** to Class Settlement Agreement, respectively.

14. The Settling Parties are ordered to give notice to all Settlement Class Members. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Preliminary Approval Order in accordance with the terms of the Settlement.

## IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

15. Each person wishing to exclude themselves from the Settlement Class must individually sign and timely mail a written Request for Exclusion to the address designated by the Settlement Administrator.

16. The Request for Exclusion must be a substantially completed and properly executed written request that is timely delivered to the Settlement Administrator by a Settlement Class Member and is postmarked or submitted through the settlement website on or before the Opt-Out Deadline, which is 60 days after the Notice Date.

17. For a Request for Exclusion to be properly completed and executed, it should include the following: the name of this Litigation, or a decipherable approximation (*In re Emmanuel College Data Security Incident*); the Settlement Class Member's full name, address, telephone number, and signature, and; the words "Requests for Exclusion" at the top of the document or a clear statement that you want to opt out of the settlement.

18. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, *i.e.*, one request is required for every Settlement Class Member seeking exclusion.

19. All persons who opt out of the Settlement Class shall not receive any benefits of or be bound by the terms of the Class Settlement Agreement.

20. All persons falling within the definition of the Settlement Class who do not opt out shall be bound by the terms of the Class Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

V.  **OBJECTIONS**

21. Each Settlement Class Member who does not timely request to be excluded from the Settlement Class may mail a notice of intent to object to the Class Settlement Agreement to the Settlement Administrator at its address designated by the Settlement Administrator.

22. All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following: the objector's full name, address, telephone number, and email address (if any); a clear and detailed written statement that identifies the basis of the specific objection that the Settlement Class Member asserts; the identity of any counsel representing the objector; a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying that counsel; the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (if any).

23. Notwithstanding the foregoing, any Settlement Class Member who timely submits a written notice of objection and attends the Final Approval Hearing may so state their objection at that time, subject to the Court's approval.

24. To be timely, written notice of an objection in the appropriate form must be postmarked no later than the Objection Deadline, which is sixty (60) days after the Notice Date.

25. Except upon a showing of good cause, any Settlement Class Member who fails to substantially comply with the requirements for objecting shall waive and forfeit any and all rights

he or she may have to appear separately and/or to object to the Class Settlement Agreement and shall be bound by all the terms of the Class Settlement Agreement and by all proceedings, orders, and judgments in the Litigation.

## VI. THE FINAL APPROVAL HEARING

26. The Court will hold a Final Approval Hearing on **July 29, 2025 at 11:00 AM** in **Courtroom 8** at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Settlement Class Counsel for an Attorneys' Fees and Costs Award; (d) the application for Representative Plaintiffs' Service Award should be approved; (e) whether the Release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment"); and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members, be continued or adjourned by order of the Court.

27. No later than 14 days prior to the Objection and Opt-Out Deadlines, Plaintiffs and Settlement Class Counsel shall file their Motion for Attorneys' Fees, Costs, and Service Award.

28. No later than 21 days prior to the Final Approval Hearing, Plaintiffs shall file their Motion for Final Approval of Class Action Settlement and for Motion for Attorneys' Fees and Expenses Award and/or Incentive Awards. No later than 7 days prior to the Final Approval Hearing, Plaintiffs shall file any Reply Brief in Support of Motion for Final Approval of Class Action Settlement and for Award of Attorneys' Fees, Costs, and Plaintiffs' Service Award, including as needed to respond to any valid and timely objections. If there is no objection to the Settlement and no additional information necessary to submit to the Court, no Reply Brief is necessary or required.

29. The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| Class List Date (Emmanuel College to send to Settlement Administrator) | March 23, 2025 |
| Class Notice Date | April 22, 2025 |
| Reminder Notice Date (if necessary) | June 21, 2025 |
| Objection Deadline | June 21, 2025 |
| Last Day to Opt-Out | June 21, 2025 |
| Motion for Attorneys' Fees, Costs, and Service Award | June 9, 2025 |
| Motion for Final Approval | July 8, 2025 |
| Claims Deadline | July 21, 2025 |
| Reply Papers in Support of Final Approval | July 22, 2025 |
| Final Approval Hearing | July 29, 2025 |

30. All proceedings in the Litigation other than those related to approval of the Class Settlement Agreement are stayed pending entry of the Final Order and Judgment.

31. Any actions brought by Settlement Class Members concerning the Released Claims are stayed and/or enjoyed, pending the Court's entry of the Final Order and Judgment.

**IT IS SO ORDERED**.

Dated: March 13, 2025

/s/ Angel Kelley
United States District Judge