IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Emmanuel College Data Security Incident | Case No. 1:24-CV-10314-AK<br>Judge: Hon. Angel Kelley |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, the Court, having considered the Settlement Agreement filed July 31, 2024 (the "Settlement") between and among Elizabeth Parchinskya, Grace Viviano, Brian Hamdan, Sopiya Shrestha, Casey Whalen, and Luke Millspaugh ("Plaintiffs" or "Class Representatives"), individually and on behalf of the Settlement Class (defined below); and (ii) the Trustees of Emmanuel College ("Defendant" or "Emmanuel College"), having considered the Court's March 13, 2025 Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on July 29, 2025, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement is GRANTED.

2. This Order and Judgment incorporates herein, and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3. The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I. CERTIFICATION OF THE SETTLEMENT CLASS

4. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Class (the "Settlement Class") for settlement purposes only:

> All residents of the United States who were notified by Emmanuel College that their PII was or may have been affected in the Data Security Incident who have not opted-out of the Settlement.

5. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, the Judges' courtroom staff, Class Counsel, and members of their families; (2) Emmanuel College and its subsidiaries, parent companies, successors, predecessors, and any entity in which Emmanuel College or its parents, have a controlling interest, and its current or former officers and directors; (3) Persons who properly executed and submitted a Request for Exclusion prior to the expiration of the Opt-Out Period, though no such Requests were submitted in this case; and (4) the successors or assigns of any such excluded Persons.

6. No person sought exclusion from this Settlement Class.

7. No objections to this Settlement were filed.

8. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual

Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II. NOTICE TO THE SETTLEMENT CLASS

9. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

10. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III. FINAL APPROVAL OF THE SETTLEMENT

11. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

12. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

13. The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

14. The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV. DISMISSAL OF CLAIMS AND RELEASE

15. The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

16. As set forth in the Settlement, upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Plaintiffs, the Participating Settlement Class Members, and any Person in the Settlement Class who did not timely exclude themselves from the Settlement, including those not submitting a claim for a Settlement Benefit, for themselves, and their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns ("Releasing Parties") shall be deemed to have released, acquitted, and forever discharged Emmanuel College and all of its respective past, present, and future parent companies, partnerships, subsidiaries, affiliates, divisions, servants, members, providers, partners, principals,

directors, shareholders, employees, and owners, and all of their respective attorneys, heirs, executors, administrators, insurers, coinsurers, reinsurers, joint ventures, personal representatives, predecessors, successors, transferees, trustees, and assigns, and includes, without limitation, any Person related to any such entities who is, was, or could have been named as a defendant in the Action ("Released Parties") from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) arising during the period between April 21, 2023 to March 13, 2025, that the Releasing Parties had or could have asserted in the Action (including, but not limited to, assigned claims), or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, reasonably related or connected in any way with the Data Security Incident ("Released Claims").

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

17. Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Awards (Doc. No. 38) is also GRANTED.

18. The Court awards attorneys' fees of $275,000.00 and reimbursement of costs and expenses in the amount of $$11,564.23, and payment of a service award in the amount of $2,500.00 each to Plaintiffs. The Court directs the Claims Administrator to pay such amounts in accordance

with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

**VI. OTHER PROVISIONS**

19. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the implementation of the Settlement, Action, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations of the Settlement.

20. Nothing in this Final Approval Order and Judgment, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

21. In the event the Effective Date does not occur, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect (except as otherwise provided for in the Settlement, including Sections 9.1-9.3 therein) with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

22. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

23. This Order resolves all claims against all Parties in this action and is a final order.

## VII. FINAL ORDER AND JUDGEMENT

24. Pursuant to the terms of the Settlement, it is hereby ORDERED AND ADJUDGED that this action is hereby dismissed with prejudice on the merits, with each side to bear its own costs and attorneys' fees, except as provided under the terms of the Settlement. This is the FINAL JUDGMENT of the Court in this action.

**IT IS SO ORDERED.**

Dated: July 29, 2025

By: /s/ Allison D. Burroughs
The Honorable Allison D. Burroughs
United States District Court Judge